JONES, DAY, REAVIS & POGUE

51 LOUISIANA AVENUE, N.W.

WASHINGTON, D.C. 20001-2113

TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

WRITER'S DIRECT NUMBER:
202-879-7623
bharper@jonesday.com

JP446467:ltg

March 7, 2002

VIA ELECTRONIC FILING

Hon. Vaughn R. Walker
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 6, 17th Floor
San Jose, CA 94102

       Re: NCT v. Novell et. al.,
          Civil Action CV-01-2079 (VRW)
          <u>U.S. District Court, N. D. Cal., San Francisco Division</u>

Your Honor:

  This letter responds briefly to points raised by Counsel for Inktomi in his letter to you of February 28, 2002. NCT believes that it has met all its discovery obligations, including responses to Interrogatories, as required by the Federal and the Local Rules of this Court. Accordingly, NCT believes Inktomi's suggested conference call concerning these matters is unnecessary.

  **Interrogatory No. 12:**
  Counsel for Inktomi seeks discovery on the level of skill in the art applicable to the patents-at-issue. At this time, NCT has not formed a contention as to what the level of skill in the art would be for the patents-at-issue. The level of skill in the art is a subject to be addressed by expert testimony. NCT's expert reports concerning claim construction are not due to be filed until July 5, 2002. Once NCT has formed its contention, Inktomi will certainly be informed of it and be permitted discovery on it. The cases cited by Inktomi are not to the contrary. They merely stand for the proposition that the level of skill in the art is an issue on which discovery may be taken. They do not address the time at which such discovery should take place. Furthermore, the absence of NCT's contentions in no way prevents Inktomi from forming its own contention as to the level of skill in the art or, more importantly, from developing Inktomi's Preliminary Invalidity Contentions or their Preliminary Claim Construction. Inktomi's arguments to the contrary are an attempt to manufacture an issue where none exists.

JONES, DAY, REAVIS & POGUE

Hon. Judge Walker
March 7, 2002
Page 2

**Interrogatory No. 14:**

This Interrogatory calls for identification of the products and processes for which Inktomi is alleged to be a contributory infringer.  Contrary to Inktomi's assertion, this Interrogatory was not discussed at the one conference call regarding disputed discovery matters in this case, which took place on Friday, February 8, 2002.  In fact, at the end of the call, counsel for NCT summarized all the matters which had been discussed on the call and Interrogatory 14 was not mentioned.  Notwithstanding the above, NCT does contend on information and belief that Inktomi is a direct and contributory infringer.  Inktomi is a contributory infringer because, *inter alia*, they instruct their customers on how to use Inktomi software to perform the processes covered by the patents-in-suit.  The precise nature of Inktomi's customers and instructions will be the subject of ongoing discovery.  It is premature for NCT to respond further at this time.

**Interrogatory No. 15:**

Contrary to Inktomi's assertions, NCT has properly responded to Inktomi's request for its damages contentions.  Under 35 U.S.C. § 284, damages for patent infringement may be either lost profits or a "reasonable royalty".  NCT has responded to Inktomi's interrogatory that it only seeks a reasonable royalty based on Inktomi's sale of infringing products.  Inktomi contends, however, that NCT is also required to provide a "damages figure" prior to discovery.  Inktomi is mistaken.  Under *Georgia-Pacific v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified and aff'd*, 446 F.2d 295 (2nd Cir. 1971), *cert. denied*, 404 U.S. 870 (1971), the royalty rate is based on a hypothetical negotiation which incorporates approximately 15 factors.  Discovery on facts relevant to these factors and the expert testimony which combines those factors to arrive at a proper royalty rate has clearly not occurred and is not due to occur.  Moreover, discovery into the royalty base, (*i.e.*, the amount of infringing Inktomi sales) is not complete.  Accordingly, it is premature to provide Inktomi with a damages value at this time.  NCT will provide Inktomi (and all other defendants) with a damages figure once NCT's damages discovery is complete, and its expert report on damages is due.

As set forth above, NCT believes it has properly responded to Inktomi's discovery requests and believes Inktomi's suggested conference call is unnecessary.

Respectfully Submitted,

/s/Blaney Harper
Blaney Harper

JONES, DAY, REAVIS & POGUE

Hon. Judge Walker
March 7, 2002
Page 3

cc:
Michael A. Ladra, Esq.
Tarek N. Fahmi, Esq.
James P. Kleinberg, Esq.
William J. Anthony, Jr., Esq.