JONES, DAY, REAVIS & POGUE

51 LOUISIANA AVENUE, N.W.

WASHINGTON, D.C. 20001-2113

TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

WRITER'S DIRECT NUMBER:
202-879-7623
bharper@jonesday.com

JP446467:ltg

March 7, 2002

VIA ELECTRONIC FILING

Hon. Vaughn R. Walker
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 6, 17th Floor
San Jose, CA 94102

      Re: NCT v. Novell et. al.
         Civil Action CV-01-2079 (VRW)
         U.S. District Court, Northern District of California, San Francisco Division

Your Honor:

  This letter responds briefly to points raised by Counsel for Inktomi in his letter to you of March 1, 2002. Counsel's statements in that letter are inaccurate and misleading.

  Contrary to Inktomi's assertions, NCT has not "advised all Defendants (including Inktomi) that it will not comply with the express requirements of Patent Local Rule 3-2." To the contrary, NCT has expressly complied with Rule 3-2. Specifically, prior to February 18, NCT had produced all documents in its possession, custody, and control related to categories (a), (b), and (c) of Rule 3-2. On February 22, 2002, NCT produced two CDs of documents from William Pitts which NCT was prevented by contract from earlier producing, because a protective order had yet to be entered. These documents were also the subject of a separate motion to the Court seeking protection of them under Local Rule 2-2. Once the Court entered its Order (Docket Entry No. 64), NCT immediately produced these documents. These documents are related to category (b) of Rule 3-2 -- the "conception, reduction to practice, design, and development of each claimed invention . . . ." Inktomi's letter of March 1 specifically indicates they are aware of this. Furthermore, because the documents were produced on CD, Inktomi proposed (and NCT accepted) a specific numbering system for the documents on the CD. Clearly Inktomi (and the other defendants) are aware of which Bates numbered documents correspond to categories (a), (b), and (c) of Rule 3-2. Accordingly, NCT has complied with Rule 3-2.

Hon. Judge Walker
March 7, 2002
Page 2

     Moreover, Inktomi's suggested relief is completely unrelated to the alleged harm it complains of. Inktomi seeks to commit NCT to a specific date for conception and reduction to practice of the claimed invention prior to the completion of even the early stages of discovery. Neither Local Rule 3-1 or 3-2 requires this. Those rules only require the production of documents concerning conception, reduction to practice, design and development, and NCT has produced those documents.

     Additionally, Inktomi seeks to enlarge the current schedule to allow Inktomi to prepare invalidity and claim construction contentions. Claim construction, however, is a matter of law performed without regard to the prior art. *See, e.g., Phonometrics, Inc. v. Northern Telecom, Inc.,* 133 F.3d 1459, 1464 (Fed. Cir. 1998). Clearly, Inktomi does not need dates of conception and reduction to practice to develop its claim construction contentions. Similarly, lack of NCT's contentions on dates of conception and reduction to practice do not prevent Inktomi from developing invalidity contentions based on the earliest art of which it is aware. The fact that Inktomi's suggested relief is unrelated to any alleged harm (of which NCT contends there is none) demonstrates that Inktomi's complaints are unfounded.

     Respectfully Submitted,

/s/Blaney Harper
Blaney Harper

cc:
Michael A. Ladra, Esq.
Tarek N. Fahmi, Esq.
James P. Kleinberg, Esq.
William J. Anthony, Jr., Esq.
via facsimile