MICHAEL A. LADRA, State Bar No. 64307
JAMES C. OTTESON, State Bar No. 157781
KIMBERLY P. ZAPATA, State Bar No. 138291
WILLIAM O'CALLAGHAN, State Bar No. 178866
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants
and Counterclaimants
NOVELL, INC. and VOLERA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETWORK CACHING TECHNOLOGY, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> NOVELL, INC., VOLERA, INC., AKAMAI TECHNOLOGIES, INC., CACHEFLOW, INC., and INKTOMI CORPORATION. <br><br> Defendants/Counterclaimants. | CASE NO.: CV-01-2079 VRW <br><br> **DECLARATION OF WILLIAM O'CALLAGHAN IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE** <br><br> Date: June 27, 2002 <br> Time: 2:00 p.m. <br> Judge: Honorable Vaughn R. Walker <br> Place: Courtroom 6, 17th Floor |

DECLARATION OF WILLIAM O'CALLAGHAN IN
SUPPORT OF DEFENDANTS' MOTION TO STRIKE
CASE NO. CV-01-2079 VRW

C:\NrPortbl\PALIB1\CML\2135214_1.DOC

I, William O'Callaghan, declare as follows:

1. I am an attorney with the law firm of Wilson, Sonsini, Goodrich & Rosati PC, counsel for defendants Novell, Inc. ("Novell") and Volera, Inc. ("Volera"). I have personal knowledge of the facts set forth in this declaration and could and would competently testify thereto under oath if called as a witness.

2. Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff Network Caching Technology, L.L.C.'s ("NCT" or Plaintiff) Second Revised Preliminary Infringement Contentions Appendix A-1 ("Accused Novell Product: BorderManager") that was served by Plaintiff on April 15, 2002.

3. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's Second Revised Preliminary Infringement Contentions Appendix A-2 ("Accused Novell Product: Internet Caching System") that was served by Plaintiff on April 15, 2002.

4. Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiff's Second Revised Preliminary Infringement Contentions Appendix A-3 ("Accused Products: Novell BorderManager & Volera Excelerator") that was served by Plaintiff on April 15, 2002.

5. Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiff's Second Revised Preliminary Infringement Contentions Appendix B-1 ("Accused Volera Product: Excelerator") that was served by Plaintiff on April 15, 2002.

6. Attached hereto as **Exhibit 5** is a true and correct copy of U.S. Patent No. 5,611,049. I have reviewed the specification for the '049 patent for references to "request director routine 144." My review included conducting electronic word searches for "request director routine 144", "request director", and "144". Only one reference to this routine turned up in my review and it provides:

> If all the requested data is not present in the NDC buffers 129, then the buffer search routine 126 prepares a DTP downstream request, indicated by the arrow 142 in FIG. 3, for only that data which is not present in the NDC buffers 129. A **request director routine 144** then directs the DTP request 142 to the DTP client interface routines 108, if this NDC 50 is not located in the NDC server terminator site 22, or to the file system interface routines 112, if this NDC 50 is located in the NDC server terminator site 22.

*See* Exhibit 5 at col. 15, lines 21-29 (emphasis provided).

7.   Attached hereto as **Exhibit 6** is a true and correct copy of documents bates numbered NCT 010657-698, that were produced in discovery in the above-captioned action by Plaintiff. These documents were cited by NCT in connection with its Preliminary Infringement Contentions.

8.   Attached hereto as **Exhibit 7** is a true and correct copy of documents bates numbered NCT 010702-737, that were produced in discovery in the above-captioned action by Plaintiff. These documents were cited by NCT in connection with its Preliminary Infringement Contentions.

9.   Attached hereto as **Exhibit 8** is a true and correct copy of documents bates numbered NCT 010790-826, that were produced in discovery in the above-captioned action by Plaintiff. These documents were cited by NCT in connection with its Preliminary Infringement Contentions.

10.  Attached hereto as **Exhibit 9** is a true and correct copy of documents bates numbered NCT 010830-861, that were produced in discovery in the above-captioned action by Plaintiff. These documents were cited by NCT in connection with its Preliminary Infringement Contentions.

11.  Attached hereto as **Exhibit 10** is a true and correct copy of documents bates numbered NCT 010914-945, that were produced in discovery in the above-captioned action by Plaintiff. These documents were cited by NCT in connection with its Preliminary Infringement Contentions.

12.  Attached hereto as **Exhibit 11** is a true and correct copy of documents bates numbered NOVL 013267-278, that were produced in discovery in the above-captioned action by Defendant Novell. These documents were cited by NCT in connection with its Preliminary Infringement Contentions.

13.  Attached hereto as **Exhibit 12** is a true and correct copy of documents bates numbered NCT 011496-509, that were produced in discovery in the above-captioned action by Plaintiff. These documents were cited by NCT in connection with its Preliminary Infringement Contentions.

14. Attached hereto as **Exhibit 13** is a true and correct copy of documents bates numbered NOVL 012848, 012867-870, and 012891-897, that were produced in discovery in the above-captioned action by Defendant Novell. These documents were cited by NCT in connection with its Preliminary Infringement Contentions.

15. Attached hereto as **Exhibit 14** is a true and correct copy of documents bates numbered CF 007451-456, that were produced in discovery in the above-captioned action by Defendant Cacheflow, Inc. These documents were cited by NCT in connection with its Preliminary Infringement Contentions.

16. Attached hereto as **Exhibit 15** is a true and correct copy of documents bates numbered NOVL 010533 and 010715, that were produced in discovery in the above-captioned action by Defendant Novell. These documents were cited by NCT in connection with its Preliminary Infringement Contentions.

17. Attached hereto as **Exhibit 16** is a true and correct copy of documents bates numbered NOVL 010789, 010792-795, that were produced in discovery in the above-captioned action by Defendant Novell. These documents were cited by NCT in connection with its Preliminary Infringement Contentions.

18. Attached hereto as **Exhibit 17** is a true and correct copy of documents bates numbered NOVL 010804-807, that were produced in discovery in the above-captioned action by Defendant Novell. These documents were cited by NCT in connection with its Preliminary Infringement Contentions.

19. Attached hereto as **Exhibit 18** is a true and correct copy of documents bates numbered NOVL 011555, 011598, 011602-605, 011616, 011687-692, 011695, and 011700, that were produced in discovery in the above-captioned action by Defendant Novell. These documents were cited by NCT in connection with its Preliminary Infringement Contentions.

Executed on the 23d day of May, 2002, in Palo Alto, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ William O'Callaghan
William O'Callaghan